IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Amber Staley, On Behalf of Herself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-969 |
| AutoPay Direct, Inc., | § § | FLSA COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Amber Staley ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against AutoPay Direct, Inc. ("Defendant"), showing in support as follows:

### I.     NATURE OF THE CASE

1.     This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendant.

2.     Plaintiff worked in Defendant's automobile loan business operations as a loan processor from approximately August 4, 2021 to approximately December 1, 2021. On or about December 1, 2021, Plaintiff became a quality assurance employee and is currently employed by Defendant in that role.

3.     Plaintiff is an hourly paid employee for Defendant who was also paid bonus compensation. Defendant did not include those bonuses in calculating Plaintiff's regular rate of

pay when determining the overtime wages she was owed and paid. That resulted in an underpayment of the FLSA overtime wages Defendant should have paid Plaintiff.

4. Plaintiff files this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as hourly paid loan processors and/or quality assurance employees who receive(d) bonus compensation, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant not including that bonus pay in their respective regular rates of pay.

5. Plaintiff and the collective action members seek all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.    THE PARTIES, JURISDICTION, AND VENUE

### A.    Plaintiff Amber Staley

6. Plaintiff is a natural person who resides in Sherman, Grayson County, Texas. She has standing to file this lawsuit.

7. Plaintiff is employed by Defendant in Sherman, Grayson County, Texas.

8. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B.    Collective Action Members

9. The putative collective action members are all current and/or former employees of Defendant who work(ed) as hourly paid loan processors and/or quality assurance employees who also receive(d) bonus compensation, and like Plaintiff, are not/were not paid time and one-half

their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant not including that bonus pay in their respective regular rates of pay.

10. Because Defendant did not and does not pay all overtime premium compensation to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

11. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

12. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

C. **Defendant AutoPay Direct, Inc.**

13. Defendant is a foreign for-profit corporation.

14. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

15. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

16. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

17. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

18. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer accessories, and phones.

19. On information and belief, Defendant has had annual gross sales or business volume in excess of $500,000 during the time period relevant to this lawsuit.

20. Defendant may be served with summons through its registered agent, CoGency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

**D.      Jurisdiction and Venue**

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

23. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

24. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

25. Venue is proper in this Court because Plaintiff's work for Defendant made the subject matter of this lawsuit occurred in Grayson County, Texas.

### III.      FACTUAL BACKGROUND

26. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27. Defendant is an automobile loan financing and refinancing business.

28. Defendant employs numerous loan processors and quality assurance employees in connection with its business operations. Those employees primarily work from their respective homes for Defendant's business operations.

29. Plaintiff is currently employed by Defendant. Plaintiff's employment with Defendant began on or about August 4, 2021.

30. Plaintiff worked in Defendant's automobile loan business operations as a loan processor from approximately August 8, 2021 to approximately December 1, 2021. On or about December 1, 2021, Plaintiff became a quality assurance employee and is currently employed by Defendant in that role.

31. Plaintiff worked for Defendant from her home in Sherman, Grayson County, Texas.

32. Plaintiff was paid on an hourly basis by Defendant.

33. Plaintiff's base hourly rate of pay was $19.00 per hour.

34. Defendant also paid Plaintiff bonuses that were incentive based. Criteria for those bonuses was generally based on the number of loan packages processed (sometimes called "touches") by a loan processor and/or quality assurance employee during given time periods. This bonus was also referred to as a "spiff" by Defendant.

35. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

36. Although Defendant paid Plaintiff time and one-half her $19.00 base hourly rate of pay for overtime hours worked, Defendant did not include bonus pay in calculating Plaintiff's regular rate of pay.

37. The failure to include that bonus pay in calculating Plaintiff's regular rate of pay resulted in an underpayment of the FLSA overtime pay Defendant should have paid Plaintiff.

38. Defendant employs and employed numerous other loan processor employees and/or quality assurance employees who are/were paid on an hourly basis in addition to incentive-based bonus pay. Like Plaintiff, the putative collective action members routinely work/worked in excess of 40 hours per seven-day workweek. Like Plaintiff, Defendant does not pay/did not pay all FLSA overtime wages owed to those putative collective action members because it does not/did not include bonus pay in calculating their respective regular rates of pay.

### IV. CONTROLLING LEGAL RULES

39. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

40. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

41. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

42. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

43. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

44. "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

45. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.   FLSA CLAIMS

46. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

47. Defendant is and/or was an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

48. Defendant is and/or has been an enterprise engaged in commerce under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(s)(1)(A).

49. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

50. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

51. Plaintiff and the putative collective action members are and/or were paid on an hourly basis by Defendant.

52. In addition to hourly pay, Plaintiff and the putative collective action members routinely receive(d) bonus pay that covered workweeks in which FLSA overtime hours were worked.

53. At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

54. Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

55. Defendant is and/or was required by the FLSA to include the bonuses it paid to Plaintiff and the putative collective action members in calculating their respective regular rates of pay.

56. Defendant does not/did not pay Plaintiff and the putative collective action members all FLSA mandated overtime wages because it does not/did not include bonus pay in calculating their respective regular rates of pay.

57. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit (three years preceding the date this lawsuit was filed and forward).

58. The failure of Defendant to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in a seven-day workweek is a violation of the FLSA.

59. The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

60. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. Defendant knew it was not including bonus pay in the regular rates of pay for Plaintiff and the putative collective action members.

61. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

62. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

63. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former employees of Defendant who work(ed) as hourly paid loan processor employees and/or quality assurance employees who also receive(d) bonus pay, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours

worked over 40 in each seven-day workweek due to Defendant not including that bonus pay in their respective regular rates of pay.

64. Because Defendant did not and does not pay all overtime premium compensation owed to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

65. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

66. Plaintiff reserves the right to seek sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII. DAMAGES AND PRAYER

67. Plaintiff asks that she and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

   b. All damages allowed by the FLSA, including back overtime wages,

   c. Liquidated damages in an amount equal to back FLSA mandated wages,

   d. Legal fees,

   e. Costs,

   f. Post-judgment interest, and/or

   g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: December 14, 2021.

Respectfully submitted,

By: <u>s/ Allen R. Vaught</u>
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF